```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY


_____
                                    :
SHAHEED WOOD,                       :
                                    :
          Petitioner,               :   Civ. No. 11-7171 (NLH)
                                    :
     v.                             :   OPINION
                                    :
J.T. SHARTEL,                       :
                                    :
          Respondent.               :
_____:
```

Petitioner, Shaheed Wood, a federal prisoner confined at the Federal Correctional Institution in Fairton, New Jersey, brings this Amended Petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, challenging the calculation of his federal prison sentence by the Bureau of Prisons ("BOP"). (ECF No. 5.)[1] Pursuant to an Order from this Court (ECF No. 9), Respondent filed an Answer (ECF Nos. 12, 13) and Petitioner

---

[1] Petitioner filed his initial habeas Petition on December 6, 2011, alleging that the BOP abused its discretion by failing to give him credit against his 214-month federal sentence for all the time he was incarcerated prior to imposition of his federal sentence on January 5, 2006. (ECF No. 1.) By Order and accompanying Opinion entered on May 3, 2013, this Court dismissed the Petition without prejudice for failure to assert a sufficient factual predicate supporting a cognizable claim and granted Petitioner leave to file an amended petition clarifying the facts of his claim. (ECF Nos. 2, 3.) In June 2013, Petitioner filed a document labeled "Petitioner Requests to File an Amended Petition from the Order of This Honorable Court on the 2nd Day of May 2013." (ECF No. 5.) By Order entered August 28, 2013, this Court granted Petitioner's request to file an amended petition and reopened the case. (ECF No. 6.)

filed a Reply (ECF Nos. 14, 15). For the reasons stated below, the Amended Petition will be denied.

**I. BACKGROUND**

Respondent provides the following summary of Petitioner's criminal proceedings, which is supported by court records:

> On January 10, 2004, Petitioner was arrested by local police officers in Philadelphia, Pennsylvania, in the course of the commission of an armed robbery at a Pep Boys Auto Store ("the Pep Boys robbery"). He was charged with a variety of state offenses in Case No. MC-51-CR-0108431-2004 ("the State 431 case").
>
> On January 30, 2004, Petitioner was arrested for a robbery that had occurred before the Pep Boys robbery. He was charged with a robbery that had occurred on December 24, 2003, in which he and others robbed and shot a victim in Philadelphia, taking cash and Christmas gifts ("the Christmas Eve robbery"). Petitioner was again charged with a variety of state offenses in Case No. CP-51-CR-0300142-2004 ("the State 142 case").
>
> …
>
> On June 28, 2004, the Commonwealth dropped the charges associated with State 431, the Pep Boys robbery, but retained the charges associated with State 142, the Christmas Eve robbery. On July 27, 2004, Petitioner was indicted by a federal grand jury in the United States District Court for the Eastern District of Pennsylvania for the Pep Boys robbery, resulting in case number 04-431 in that court ("the Federal 431 case").
>
> …
>
> Ultimately, Petitioner was found guilty after a trial in the Eastern District of Pennsylvania on the Federal 431 case on July

>7, 2005. Shortly thereafter, he was found guilty in the Commonwealth of Pennsylvania after a trial in the State 142 case….He was first sentenced in the State 142 case on September 8, 2005 to a term of 5.5 to 11 years of imprisonment. This sentence was later amended to 5 to 10 years of imprisonment. He was sentenced in the Federal 431 case on January 5, 2006 to a term of 240 months of imprisonment. This sentence was later revised, at a re-sentencing hearing on September [4], 2007, to 214 months of imprisonment. At the re-sentencing hearing, the federal sentencing judge ordered that Petitioner's federal sentence should be served consecutively to his state sentence.
>
>Petitioner served the sentence on the State 142 case first. He was sentenced on the State 142 case on September 8, 2005 and served his sentence until he was paroled…on [October 7,] 2009….
>
>Upon his state parole in [October] 2009, Petitioner then entered federal custody to serve his sentence on the Federal 431 case.

(Answer 2-6) (citations to the record omitted).

## II. DISCUSSION

**A. Legal Standard**

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless ... [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied: (1) the petitioner is "in custody" and (2) the custody is "in violation of the Constitution or laws or treaties

of the United States." 28 U.S.C. § 2241(c)(3); Maleng v. Cook, 490 U.S. 488, 490 (1989). This Court has subject matter jurisdiction under § 2241 to consider the instant Petition because Petitioner challenges the calculation of his sentence on federal grounds and he was incarcerated in New Jersey at the time he filed the Petition. See Blood v. Bledsoe, 648 F. 3d 203 (3d Cir. 2011); Vega v. United States, 493 F. 3d 310, 313 (3d Cir. 2007); Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005); Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1991).

Insofar as the BOP reviewed Petitioner's request challenging the calculation of his sentence, this Court's review is limited to the abuse of discretion standard. See Galloway v. Warden of FCI Fort Dix, 385 F. App'x 59, 61 (3d Cir. 2010); Barden, 921 F.2d at 478. Under this standard, a reviewing court must find that the actual choice made by the agency was neither arbitrary nor capricious. See C.K. v. N.J. Dep't of Health & Human Servs., 92 F.3d 171, 182 (3d Cir. 1996). "[A]gency action must be set aside if the action was 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law'...." Citizens to Pres. Overton Park v. Volpe, 401 U.S. 402, 414 (1971), overruled on other grounds, Califano v. Sanders, 430 U.S. 99 (1977) (quoting 5 U.S.C. § 706(2)(A)).

To make a finding that agency action was not arbitrary or capricious or an abuse of discretion, a court must review the administrative record that was before the agency, and "must consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment.... Although this inquiry into the facts is to be searching and careful, the ultimate standard of review is a narrow one. The Court is not empowered to substitute its judgment for that of the agency." Overton Park, 401 U.S. at 416.  Reversal of agency action is warranted "[i]f the record before the agency does not support the agency action, if the agency has not considered all relevant factors, or if [the court] simply cannot evaluate the challenged agency action on the basis of the record before [it]." C.K., 92 F.3d at 184 (quoting Florida Power & Light Co. v. Lorion, 470 U.S. 729, 744 (1985)).

**C. Analysis**

The exact nature of Petitioner's request for relief is not clear from the Amended Petition.  However, Petitioner's sur-reply appears to clarify that he is seeking prior custody credit from January 10, 2004 through October 7, 2009.  (Pet'r's Sur-Reply 3, ECF No. 15.)

"The authority to calculate a federal sentence and provide credit for time served has been delegated to the Attorney

General, who acts through the BOP." Goodman v. Grondolsky, 427 F. App'x 81, 82 (3d Cir. 2011) (per curiam) (citing United States v. Wilson, 503 U.S. 329, 333-35 (1992)). "In calculating a federal sentence, the BOP first determines when the sentence commenced and then determines whether the prisoner is entitled to any credits toward his sentence." Id.

Section 3585 of Title 18 specifies when a federal sentence commences, see 18 U.S.C. § 3585(a), and requires the BOP to award prior custody credit for time served prior to commencement of the sentence which has not been credited against another sentence, see 18 U.S.C. § 3585(b). Specifically, § 3585 provides, in relevant part:

> (a) Commencement of sentence.--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

>    that has not been credited against another sentence.

18 U.S.C. § 3585(a), (b).

Where a defendant faces prosecution by both state and federal authorities, under the primary jurisdiction doctrine, the first sovereign to arrest the defendant has primary jurisdiction and is entitled to have the defendant serve that sovereign's sentence before service of the sentence imposed by the other sovereign.  See Taccetta v. Fed. Bur. of Prisons, 606 F. App'x 661, 663 (3d Cir. 2015); Bowman v. Wilson, 672 F.2d 1145, 1153 (3d Cir. 1982).  A sovereign relinquishes primary jurisdiction by releasing an arrestee on bail, dismissing the charges, or granting parole.  See Taccetta, 606 F. App'x at 663 (citing United States v. Cole, 416 F.3d 894, 897 (8th Cir. 2005)); Davis v. Sniezek, 403 F. App'x 738, 740 (3d Cir. 2010). Temporary transfer of a prisoner pursuant to a writ of habeas corpus ad prosequendum does not relinquish primary jurisdiction. See Taccetta, 606 F. App'x at 663; Rios v. Wiley, 201 F.3d 257, 274-75 (3d Cir. 2000), superseded on other grounds, see United States v. Saintville, 218 F.3d 246, 249 (3d Cir. 2000).

Here, it is without question that the Commonwealth of Pennsylvania had primary jurisdiction over Petitioner, at least initially, because it arrested Petitioner for two offenses before he was indicted in federal court.  Specifically,

Petitioner was arrested on the State 431 case on January 10, 2004 and State 142 case on January 30, 2004, but he was not indicted on the Federal 431 case until July 27, 2004.  However, it appears that Petitioner is arguing that Pennsylvania relinquished primary jurisdiction because he posted bail in both of his state cases.[2]

According to the docket sheet in the State 142 case, Petitioner posted bail on March 11, 2004 and January 12, 2006.  (Answer, Ex. 1c, ECF No. 12-2.)  The docket sheet in State 431 case shows that he also posted bail in that matter on January 11, 2004.  (Answer, Ex. 1b, ECF No. 12-2.)  In conflict with those notations, however, when Petitioner needed to appear in federal court after he had "posted bail" in his state cases, the Eastern District of Pennsylvania issued writs of habeas corpus ad prosequendum and the United States Marshal Service picked Petitioner up from the state facility.  (United States v. Wood, Crim. Action No. 04-431 (E.D.P.A. 2004), ECF Nos. 2, 3, 6, 61).

In addition, an email from the Director of Classification, Movement and Registration for the Pennsylvania Department of Prisons to the BOP provided further clarification:

---

[2] To the extent Petitioner is arguing that transfer of Petitioner to federal custody pursuant to a writ of habeas corpus ad prosequendum somehow relinquished primary jurisdiction, that argument is clearly without merit.  See Taccetta, 606 F. App'x at 663.

> Yes, defendants can remain in custody after posting bail on a specific docket when there are other holding dockets/matters keeping him/her in custody. There are some major conflicts in regards to bail on what is indicated on CPCMS and what we have on our Lock and Track and what's in the hard copy file. We having nothing indicating bail was ever posted, but only reduced on 1/16/2004. I see he was being held as a, "Keep Open" with the USM from 8/17/2004 to 1/13/2006. For docket CP-51-CR-0300142-2004, he was awarded properly awarded credit from 1/29/04 (date of arrest) to 9/8/05 (date of sentencing) since he was held in continuous custody both local and federal.

(Supp. Decl. of Alan Ray, Ex. A, ECF No. 13.)

Based on the fact that Petitioner was certainly in the physical custody of the Commonwealth during the time in question, and the fact that the Director of Classification for the Department of Prisons stated that while there is conflicting information, they have nothing to indicate that bail was actually posted, the BOP did not abuse its discretion when it determined that Pennsylvania had primary jurisdiction over Petitioner and his federal sentence did not commence until he was paroled from his State 431 sentence on October 7, 2009. See George v. Longley, 463 F. App'x 136, 140, n.8 (3d Cir. 2012).

The BOP also did not abuse its discretion when it determined that Petitioner was not entitled to any additional prior custody credit. Petitioner has been given prior custody credit towards his federal sentence for the period of January

10, 2004 through January 28, 2004.  (Supp. Decl. of Alan Ray ¶ 4, ECF No. 13.)  The period of January 29, 2004 through September 8, 2005 was credited as state jail credit towards his State 142 sentence and from September 8, 2005 until October 7, 2009, he served his State 142 sentence.  (Id.)  Because the state court applied the period of January 29, 2004 through October 7, 2009 towards his State 142 sentence, the BOP is unable to credit such time towards his consecutive federal sentence.  See 18 U.S.C. § 3585(a), (b).

**III.  CONCLUSION**

For the reasons set forth above, Petitioner's request for a writ of habeas corpus will be denied.  An appropriate Order will follow.


Dated: December 29, 2016           s/ Noel L. Hillman
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.